Howell, J.
Plaintiff alleges that on the 16th January, 1859, the inspector of the Third Levee District of the parish of Pointe Coupée, after observing all the formalities of law and in accordance with the regulations of the police jury, sold and adjudicated to him at public auction, the building of a certain portion of a levee on a tract of land belonging to defendant, at the price of 95 cents per cubic yard, which amounted for the whole work, accepted by said inspector, to the sum of §2,768 30, for which he asks judgment with a lien and privilege on the land.
The defendant pleads a general denial, and specially denies that the requisite notices and advertisements were given or made in the manner required; that the adjudication was legally made; that tlio levee was properly and securely built, or that the regulations of the police jury were complied with by plaintiff
Judgment was rendered in favor of defendant, and plaintiff ajjpealed.
The evidence shows that the prerequisite written notice of the necessity of making the levee and specifying the place where such levee was to be built, its dimensions, the time when it was to be commenced and when completed, was not given to defendant; that the sale was advertised on 8th January for the 19th January, 1859; that the bond furnished by plaintiff was executed on 17th January, two days prior to the date fixed by the advertisement for the sale; that the levee was not of the height required by the police jury regulations, and that stumps and roots were covered up in the levee.
As it cannot be said that, under such a state of facts, the work was done in the manner required by law or the regulations of the police jury, the question is presented, can plaintiff recover in this action against the ’defendant, the proprietor, on the adjudication by the inspector, by which *128 the parish authorities undertook to contract for account of defendant ? We think not.
In order to recover, we think it incumbent on plaintiff to show a strict compliance with all legal formalities and requisites, and the conditions of the contract or adjudication. To bind parties against their will for a specific sum under provisions of law enacted in the public interest, all the formalities of such law must be rigidly observed. Such parties may bo liable on a quantum meruit, if it be shown that the work is necessary and useful to them. These principles have been recognized in several cases reported in our books, though applied to different circumstances. See 2 N. S. 455; 5 L. 45; tí A. 177; 9 A. 67.
The District Court erred, however, in rendering a final judgment against plaintiff; it should have been one of nonsuit.
It is therefore ordered, that the judgment of the lower-Court be reversed, and that there be judgment against plaintiff as of nonsuit, with costs; defendant and appellee to pay costs of appeal,